**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SYLVIA ANIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0597-HE |
| | ) | |
| MARKWAYNE MULLIN, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Sylvia Anim seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of her detention by United States Immigration and Customs Enforcement (ICE). Subsequent to the filing of her habeas petition and issuance of the court's preliminary scheduling order [Doc. #5], respondent filed a motion [Doc. #9] for relief from the transfer notification requirement in the court's order.

According to the habeas petition, petitioner is a citizen of Cameroon who entered the United States on or about September 11, 2024, at Tecate, California. She was paroled into the United States on October 25, 2024 pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(d)(5)(A). Petitioner initially resided in Dallas, Texas, but moved to Frederick, Maryland. She applied for asylum and did her biometrics in Maryland. While attending a check-in on November 25,

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin in his official capacity as Secretary of the Department of Homeland Security and Todd Blanche in his official capacity as acting Attorney General of the United States are substituted as respondents for Kristi Noem and Pamela Bondi, respectively.*

2025 in Dallas, Texas, petitioner was detained by ICE.  Thereafter, the U.S. Department of Homeland Security commenced removal proceedings against petitioner, charging that she was inadmissible under section 212(a)(6)(A)(i) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  On February 12, 2026, petitioner's asylum application was pretermitted by an immigration judge, which is currently pending on appeal.  The petition indicates petitioner is currently detained by ICE at Diamondback Correctional Facility in Watonga, Oklahoma.

In the petition, petitioner claims her detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment due process clause.  She maintains 8 U.S.C. § 1226(a) governs her detention.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper.  In reply, petitioner contends that her detention is controlled by § 1226(a), not § 1225(b)(2)(A), and the court should order her immediately released since respondents have detained her for months under the wrong statute and without the process required by that statute.  In the alternative, petitioner requests the court to order an adequate bond hearing under § 1226(a).

The court concludes the habeas petition should be granted in part.  Respondents recognize that "the members of this Court have established their respective positions on [the § 1225(b)(2)(A)] issue" and "[j]udicial economy and Rule 1 are not furthered by continued relitigation of the same points." [Doc. #7, p. 2].  However, for the reasons stated

2

in <u>Avila v. Bondi</u>, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and <u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in <u>Gutierrez Sosa v. Holt</u>, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and <u>Montoya v. Holt</u>, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in <u>Ramirez Rojas v. Noem</u>, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  The conflicting decisions of the judges in this district and the 2-1 decisions in <u>Avila</u> and <u>Buenrostro-Mendez</u> make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Second Circuit Court of Appeals in <u>Cunha v. Freden</u>, ___ F.4th ___, 2026 WL 1146044, at **3-23 (2d Cir. Apr. 28, 2026), among others.

Because § 1226(a) governs petitioner's detention, the court concludes that she is entitled to an individualized bond hearing. The court will therefore grant the habeas petition

---

[2] *See <u>Lopez v. Corecivic Cimmaron Correctional Facility</u>, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); <u>Valdez v. Holt</u>, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); <u>Colin v. Holt</u>, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), <u>Escarcega v. Olson</u>, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

With respect to respondents' motion for relief from the notice requirement, the court concludes it should be granted. In its initial order requiring respondents to respond to the petition, the court required respondents to file written notice "at least 72 hours before removing, transferring, relocating or otherwise moving petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma." [Doc. #5, ¶5(a)]. Respondents have moved to be excused from the transfer notification period due to petitioner's "emergent medical condition" which requires respondents to arrange for her transfer to a facility in Alvarado, Texas or another facility with the requisite resources to treat the condition [Doc. #10]. Petitioner, in response, does not object to respondents' efforts to obtain necessary dental treatment for her, but she does object to an open-ended transfer, particularly where respondents have not agreed to return her to Oklahoma after the treatment is completed. Petitioner requests that she be returned to her current detention facility upon completion of her dental treatment.

Respondents will be excused from the transfer notification requirement to allow respondents to facilitate the transfer of petitioner to a facility for dental treatment. However, they will be required to return petitioner to Diamondback Correctional Facility within 7 business days from the date of the completion of the dental treatment unless she is sooner released on bond.

---

[3] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's Fifth Amendment claim.*

Respondents will be required to provide a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than three business days after the date petitioner is returned to Diamondback Correctional Facility. If petitioner has not received a lawful bond hearing by that time, petitioner must be released.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part** to the extent stated above. Respondents' motion for relief from transfer notification period [Doc. #9] is **GRANTED**. Respondents are excused from the transfer notification requirement to allow respondents to facilitate the transfer of petitioner to a facility for dental treatment. Respondents are **ORDERED** to return petitioner to Diamondback Correctional Facility within **seven (7) business days** from the date of the completion of petitioner's dental treatment unless she is sooner released on bond. In any event, no later than **three (3) business days** after petitioner is returned to the Diamondback Correctional Facility, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) or otherwise release her if she has not received a lawful bond hearing by that time. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the date of the bond hearing or release of petitioner.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE